IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONALD C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20cv904 |
| ) | |
| RONALD CALVIN WILLIAMS, II, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This is an intrafamilial dispute over the ownership of a warehouse. Before the court are multiple filings by *pro se* Plaintiff Ronald C. Williams ("Williams"), including a motion for a preliminary injunction (Doc. 23) and supporting documents (Docs. 27, 28), a motion to compel discovery (Doc. 24), and a request for a hearing (Doc. 29). Defendant Ronald Calvin Williams, II ("Calvin") opposes the motions for a preliminary injunction and to compel discovery. (Docs. 25, 26.) For the reasons set forth below, the motions will be denied.[1]

## I. BACKGROUND

The court briefly sets out the background and allegations related to this dispute.

---

[1] Williams also filed a motion captioned "motion for partial summary judgment" (Doc. 18), which Calvin also opposed (Doc. 21). However, Williams subsequently filed a reply brief in which he says his summary judgment motion is premature and states, "I withdraw my motion and will re-file." (Doc. 22.) The court therefore deems his summary judgment motion withdrawn.

Williams, an 83-year-old resident of North Carolina, is the father of Calvin, who is a resident of Colorado. (Doc. 19 ¶¶ 1-2.) Williams states that 20 years ago, he purchased a warehouse located in Union County, North Carolina, for $515,000. (Id. ¶ 3.) Since 2018, the warehouse has a tenant under a five-year lease who pays approximately $75,000 per year in rent with annual 3 percent increases. (Id.) According to Williams, the warehouse is now valued at between $1,000,000 and $2,000,000. (Id.) Between May 2012 and October 2016, Williams transferred or directed the transfer of the deed for the warehouse to multiple people, including his brother and his daughter. (Id. ¶ 4; pp. 6-9.) In April 2020, Williams deeded the warehouse to Calvin. (Id. at 10.)

Williams alleges that he and Calvin "agreed to deed the warehouse to [Calvin] until [Williams] requested it back" and that "[Calvin] agreed to return it to me upon my request." (Id. ¶ 4.) He alleges that Calvin did not deed the warehouse back to him upon his request. (Id.) According to Williams, the warehouse is his "sole asset" and he relies on the rent as his primary source of retirement income. (Id.) In addition to the dispute over the warehouse, Williams also claims that Calvin "tricked" him out of a further $19,500 that was ostensibly to go toward fees for Williams's retirement home, but that Calvin kept instead. (Id. ¶ 13.) Williams now brings claims for fraudulent misrepresentation, "void contract," and unjust enrichment. Calvin

2

generally denies these allegations.  (Doc. 20.)  Although he has not filed a dispositive motion, from his briefing Calvin appears to suggest that Williams deeded the warehouse to Calvin in exchange for Calvin to financially support Williams.  (See Doc. 25 at 6 ("Plaintiff's Amended Complaint reveals the true nature of the Plaintiff's decision to deed the Property to Defendant: Plaintiff deeded the property to Defendant in exchange for Defendant's agreement to financially support Plaintiff for the rest of Plaintiff's life."); Doc. 19 at 15.)  However, the precise reason why the warehouse was deeded to Calvin remains unclear.

Williams filed his initial complaint in Guilford County (North Carolina) Superior Court in August 2020.  (Doc. 1-1.) Calvin timely removed the action to this court, invoking diversity jurisdiction.  (Doc. 1.)  In December 2020, Williams filed an amended complaint (Doc. 19), which Calvin answered (Doc. 20).  The present motions followed.

## II. ANALYSIS

### A. Motion for Preliminary Injunction

Williams first moves for a preliminary injunction prohibiting the "sale or encumbrance of the warehouse until further order" by the court.[2]  (Doc. 23.)  Calvin opposes the motion, arguing both

---

[2] Williams styles his motion "Plaintiff's Verified Motion."  Calvin treated this as a motion for a preliminary injunction. (Doc. 25 at 3.) Subsequent briefs filed by Williams in support of his motion suggest he is in fact seeking a preliminary injunction.  (See Docs. 27, 28.)

3

that it is procedurally defective and that Williams has not met the criteria necessary for a preliminary injunction. (Doc. 25.)

As to the first argument, the Local Rules of this court require that "[a]ll motions, unless made during a hearing or at trial, shall be in writing and <u>shall</u> be accompanied by a brief" with limited exceptions not relevant here. See LR 7.3(a) (emphasis added).[3] Further, "[a] motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." See LR 7.3(k). Here, Williams's motion for a preliminary injunction was filed January 11, 2021, and did not have the required supporting brief. Williams subsequently filed a brief and a "financial affidavit" on March 1, both ostensibly in support of his preliminary injunction motion. (Docs. 27, 28.) However, both documents generally restate Williams's grievances and lack relevant legal analysis. While the brief cites to some case law, these cases are about contract formation and do not offer specific support for Williams's preliminary injunction motion. For example, Williams has not stated the relevant standard for a preliminary injunction and explained, with support, why he meets that standard. Despite these deficiencies, the court retains the discretion to deny a motion that lacks the required supporting brief. Mindful of Williams's *pro se* status, the court will not

---

[3] The Local Civil Rules are available at https://www.ncmd.uscourts.gov/local-rules-and-orders (last accessed Apr. 9, 2021).

4

summarily deny his motion on grounds of procedural deficiency alone. Williams is admonished, however, that despite his *pro se* status he must still abide by all relevant rules, including the Federal Rules of Civil Procedure and the Local Rules of this court. See Kroiss v. Cincinnati Ins. Companies, No. 1:19-CV-1183, 2020 WL 5821047, at *2 (M.D.N.C. Sept. 30, 2020).

Calvin also argues that Williams has not met the criteria for a preliminary injunction. On the record before it, the court agrees.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Johnson v. Jessup, 381 F. Supp. 3d 619, 638 (M.D.N.C. 2019) (quoting Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). It is not enough for a plaintiff to satisfy some factors but not others; "each preliminary injunction factor [must] be satisfied as articulated." Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013) (quotations omitted); Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship, 918 F.3d 353, 365-66 (4th Cir. 2019). The moving party -- here, Williams -- bears the burden of proving each factor. Cap. Associated Indus., Inc. v. Cooper, 129 F. Supp. 3d 281, 288 (M.D.N.C. 2015). A preliminary injunction is an "extraordinary

5

and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2948 (3d ed.).

As to the first factor, a likelihood of success on the merits, "plaintiffs need not show a certainty of success" but must "make a clear showing that they are likely to succeed at trial." Pashby, 709 F.3d at 321 (quotations omitted). Here, Williams has not made that showing. His motion, brief, and notarized financial affidavit essentially repeat the allegations in his amended complaint that Calvin "tricked" him into deeding the warehouse to him (Doc. 23 at 1) with further allegations that Calvin is not paying the rent for Williams's apartment as he allegedly promised to do in exchange for the warehouse (Doc. 27). There is no additional evidentiary support, however, for these allegations. And outside of quotes from three cases, Williams has not made any legal arguments as to why he is likely to succeed on the merits of his claims. Indeed, it is not even fully clear the nature of the claims he brings. For example, in his amended complaint Williams brings a claim for "void contract," although it is unclear the nature of that claim, and he disputes the existence of a contract in the first place. (Doc. 19 ¶ 17.) The court acknowledges Williams's *pro se* status and the need to construe his complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the liberal construction of a *pro se* plaintiff's pleading does not require the court to

6

ignore clear defects in pleading or to become an advocate for the *pro se* party. Chrisp v. Univ. of N. Carolina-Chapel Hill, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (citations omitted). It is incumbent on Williams to clarify his claims and bring forth supporting evidence and legal arguments for them.[4]

In addition to the claim for "void contract," Williams also brings claims for fraudulent misrepresentation and unjust enrichment.

A fraudulent misrepresentation claim under North Carolina law requires a showing of "(1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Stephenson v. Int'l Bus. Machines Corp., No. 17CV1141, 2020 WL 3960955, at *4 (M.D.N.C. July 13, 2020) (quoting Forbis v. Neal, 649 S.E.2d 382, 387 (N.C. 2007) (alterations omitted). Further, "any reliance on the allegedly false representations must be reasonable." Id. Here, while Williams might be able to succeed on the merits of this claim, it is not clear to the court at this time that he is likely to do so as required for a preliminary injunction. Each of the required elements remains disputed at this point. For example,

---

[4] The court notes that, according to Calvin, Williams is a licensed attorney who was barred in North Carolina, although he is currently on inactive status. (Doc. 25 at 1 & n.1.)

7

while Williams alleges that Calvin "intentionally misrepresented" that he would deed the warehouse back to Williams when asked, thereby inducing Williams to deed the warehouse to Calvin in the first place, (Doc. 19 ¶ 6), Calvin has denied this allegation (Doc. 20 ¶¶ 4, 6). There is no evidence beside each party's assertions in the complaint and answer -- for example, deposition testimony or other discovery -- to resolve this dispute. Further, "[t]he reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion." Forbis, 649 S.E.2d at 387. The court cannot say that the facts are "so clear" as to support "only one conclusion" that Williams's reliance on any statements made by Calvin was reasonable.

The elements of an unjust enrichment claim under North Carolina law are: "(1) plaintiff conferred a measurable benefit to defendant, (2) defendant knowingly and voluntarily accepted the benefit, and (3) the benefit was not given gratuitously." TSC Rsch. LLC v. Bayer Chems. Corp., 552 F. Supp. 2d 534, 540 (M.D.N.C. 2008). "In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received." Norman v. Nash Johnson & Sons' Farms, Inc., 537 S.E.2d 248, 266 (N.C. App. 2000). A successful

8

unjust enrichment claim must show that, at the time a benefit was given, both parties understood that the benefit was given with an expectation of some service or payment in return. <u>Volumetrics Med. Imaging, Inc. v. ATL Ultrasound, Inc.</u>, 243 F. Supp. 2d 386, 412 (M.D.N.C. 2003) (citing <u>Scott v. United Carolina Bank</u>, 503 S.E.2d 149, 152 (N.C. App. 1998)). Here, once again, while Williams may succeed on this claim, it is not clear at this juncture that he is likely to. In particular, the record is not clear as to why Williams deeded the warehouse to Calvin -- Williams himself appears unsure on this point (Doc. 19 ¶ 5) -- or what benefit, if any, either party expected to give and receive in return. More factual development is needed.

Because Williams's failure to satisfy any one of the four preliminary injunction factors is fatal to his motion, the court need not address the remaining factors and the motion will be denied. <u>Jessup</u>, 381 F. Supp. 3d at 646 (citing <u>Pashby</u>, 709 F.3d at 320).[5]

---

[5] The animating concern for Williams's preliminary injunction motion appears to be a fear of irreparable harm should Calvin sell the warehouse before this matter is finally resolved. (Docs. 23; 28 at 1.) Should that event occur and should Williams prevail on any of his claims, there remains the possibility of his claims for damages to compensate for any loss. Indeed, generally "[o]nly when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed.); <u>see also</u> <u>Farm Lab. Org. Comm. v. Stein</u>, No. 1:17CV1037, 2018 WL 3999638, at *28 (M.D.N.C. Aug. 21, 2018), <u>report and recommendation adopted</u>, No. 1:17CV1037, 2018 WL 4518696 (M.D.N.C. Sept. 20, 2018) ("Generally, irreparable injury is suffered when monetary

9

Case 1:20-cv-00904-TDS-JLW Document 33 Filed 04/09/21 Page 9 of 13

**B.  Other Motions**

Williams has also filed a motion to compel the production of certain documents that he says are relevant to his damages claim. (Doc. 24.)  Calvin opposes the motion, arguing that the motion is both procedurally defective and premature.  (Doc. 26.)  Calvin is correct.  Federal Rule of Civil Procedure 37 requires that a party moving for an order to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. Pro. 37(a)(1).  The Local Rules of this court require likewise.  Local Rule 37.1 states, "The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord."  LR 37.1(a).[6]

Here, Williams did not file a certificate indicating that any

---

damages are difficult to ascertain or are inadequate.").  The court expresses no view on the merits of Williams's claims at this point.

[6] Local Rule 37.1(a) goes on to say, "The certificate shall set forth the date of the conference, the names of the participating attorneys, and the specific results achieved. It shall be the responsibility of counsel for the movant to arrange for the conference and, in the absence of an agreement to the contrary, the conference shall be held in the office of the attorney nearest the court location where the initial pretrial conference was convened or, in the absence thereof, nearest to Greensboro. Alternatively, at any party's request, the conference may be held by telephone."

10

such consultation has occurred, and defense counsel reports that it did not. (Doc. 26 at 6.) These rules are not mere technical requirements. "The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." <u>Dondi Properties Corp. v. Com. Sav. & Loan Ass'n</u>, 121 F.R.D. 284, 289 (N.D. Tex. 1988). Properly done, such consultations "promote[] judicial economy" and reduce the cost of litigation required to brief and litigate discovery disputes. <u>Id.</u> at 290. That is because experience teaches that oftentimes discovery disputes can be worked out between the parties without court intervention and resultant legal expenses. Further, the court "must also insist on compliance with procedural rules . . . to promote its interest in the uniform administration of justice. Doing justice between litigants, after all, hinges as much on respect for the procedural rules governing the progress of the lawsuit as on affording parties liberal scope in making their arguments on the merits." <u>Liberty Ins. Underwriters, Inc. v. Beaufurn, LLC</u>, No. 1:16CV1377, 2021 WL 185580, at *6 (M.D.N.C. Jan. 19, 2021), <u>report and recommendation adopted</u>, No. 1:16CV1377, 2021 WL 681101 (M.D.N.C. Feb. 22, 2021) (citations and alterations omitted). As Calvin correctly notes, Williams's failure to confer "is not only a procedural defect, but a practical impediment to Defendant's understanding of the scope

11

and nature of this discovery dispute, and an impediment to any effort to resolve this dispute without court involvement." (Doc. 26 at 6.) Accordingly, the court will deny his motion to compel. (Doc. 24.)

Finally, Williams has requested a hearing ostensibly on his motion for a preliminary injunction. (Doc. 29.) Under the Local Rules, "A motion seeking a preliminary injunction will be considered and determined on the official court file including affidavits, briefs and other documents filed in support thereof without oral argument or testimony unless otherwise ordered by the Court." LR 65.1(b). The court finds that a hearing is not necessary at this time. Discovery has only recently concluded, and mediation is still ongoing.

\* \* \*

On the record before the court, this is a family dispute that has now unfortunately made its way to federal court. A mediator has been appointed (Doc. 17), and the court admonishes both parties to attempt a successful mediation of this matter given its personal nature.

Should that fail, Williams is again reminded that, although he is proceeding *pro se* and the court construes his pleadings liberally and holds them to a less stringent standard than for those drafted by attorneys, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he will need to abide by the legal standards, rules of

12

procedure, and deadlines applicable to all litigants, see Alston v. Becton, Dickinson & Co., No. 1:12cv452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014).  He would be well-served to consult legal counsel.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that William's motion for a preliminary injunction (Doc. 23), motion to compel (Doc. 24), and request for a hearing (Doc. 29) are DENIED.

/s/   Thomas D. Schroeder<br>United States District Judge

April 9, 2021